NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIANE POPE LITTLE, et al. : | |
| : | Civil Action No. 11-2944 (ES) |
| Plaintiffs, : | |
| : | OPINION |
| CONNECTICUT GENERAL LIFE : | |
| INSURANCE CO., et al. : | |
| Defendants. : | |

**SALAS, District Judge**

**I.      Introduction**

Before the Court is Diane Pope Little and Stephen Little's Motion for a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65. (Docket Entry No. 16). Diane Pope Little and Stephen Little seek injunctive relief restoring Diane Pope Little's health benefits, and enjoining Defendants from denying Diane Pope Little these benefits until final resolution of this matter. The Court has considered the submissions in support of and in opposition to the present motion, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth herein, the Court denies Plaintiffs' Motion.

**II.     Background**

Plaintiffs Diane Pope Little ("D. Little") and Stephen Little ("S. Little") were married on October 28, 1989. (*See* Exhibit G attached to Certification of Joseph Toniolo in Opposition to Plaintiffs' Motion for a Preliminary Injunction ("Toniolo Cert.") at 2). U.S. Foodservice, Inc.

("U.S. Foodservice") is S. Little's employer.  (Amen. Compl. ¶ 2).  U.S. Foodservice offers its employees and their beneficiaries health insurance benefits pursuant to its Health & Welfare Plan (the "Plan").[1]  (Defendants' Brief in Opposition to Plaintiffs' Motion for a Preliminary Injunction Pursuant to Federal Rule of Civil Procedure 65 ("Def. Opp. Br.") at 5).  U.S. Foodservice "is [also] responsible for administering Plan enrollment and determining [P]lan eligibility."[2]  (*Ibid.*)  As part of his employment, S. Little contributes to and receives health insurance benefits pursuant to the Plan.  (*Ibid.*).

D. Little is a Type I diabetic, and is therefore insulin dependent.  (Amen. Compl. ¶ 1).  D. Little's medical condition can, at times, affect other parts of her body, which requires her to receive full-scale examinations of her eyes and feet.  (*Id.* ¶ 2).  Originally, D. Little was listed as a covered beneficiary on S. Little's policy, and as a result, received health insurance.  (*Id.* ¶ 3).

At some point, U.S. Foodservice performed a routine audit to confirm the status of its employees' purported beneficiaries.  (Def. Opp. Br. at 2).[3]  In connection with this audit, U.S. Foodservice sent S. Little a letter, dated January 21, 2010, and titled "Welfare Plan Dependent Audit Notice" ("Audit Notice").  (*See* Exhibit A to Toniolo Cert. at 1).  The Audit Notice informed S. Little that he must send appropriate documentation to verify the eligibility of his covered dependents—D. Little and his son.[4]  (*Ibid.*).  To verify D. Little's eligibility to receive benefits, S. Little was required to provide documents from the following list:

> (1) marriage license **or** church/justice of the peace marriage certificate;

---

[1] The benefits policy issued by U.S. Foodservice is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

[2] Co-defendant, Connecticut General Life Insurance Company ("CGLIC") provides certain claim administration services in connection with the Plan.  (*Ibid.*).

[3] U.S. Foodservice and CGLIC opposed Plaintiffs' motion for a preliminary injunction by way of a joint submission.

[4] S. Little provided the required documentation for his son.  As such, his son's insurance benefits were properly reinstated and are not at issue here.  (*See* Exhibit A to Toniolo Cert. at 2).

> **and**
>
> (2) current or previous year' federal income tax return if filing jointly, **or** both spouses' federal tax returns if filing separately, **or** a copy of federal tax confirmation notice(s) if filed online showing name(s) and filing married.

(*Id.* at 3). The Audit Notice also warned S. Little that, "[i]f you don't return the appropriate documentation by this deadline, your dependent(s) last day of coverage will be March 31, 2010." (*Id.* at 1). U.S. Foodservice maintains that it requires its employees to tender this information so that it can verify that the couple seeking coverage is still, in fact, married. (Def. Opp. Br. at 6).

S. Little acknowledged receipt of the Audit Notice on February 25, 2010. (*See* Exhibit B to Toniolo Cert. at 1). However, in responding to the Audit Notice, S. Little only provided a copy of a marriage certificate (indicating that he and D. Little were married on October 28, 1989) and a gas bill, which was in "Diane Pope's" name only.[5] (*See id.* at 3; Exhibit C to Toniolo Cert. at 2). Because S. Little failed to provide the required information, U.S. Foodservice terminated D. Little's insurance coverage effective April 1, 2010. (*See* Exhibit D to Toniolo Cert.).

S. Little appealed this decision on April 5, 2010. (*See* Exhibit E to Toniolo Cert.). In this appeal, S. Little did not provide any tax return information. He did, however, furnish a copy of D. Little's social security card, driver's license, and birth certificate, as well as another copy of the 1989 marriage certificate. (*Ibid.*). Consequently, on April, 28, 2010, U.S. Foodservice denied his appeal based upon insufficient documentation. (*See* Exhibit F to Toniolo Cert.).

Then, on November 8, 2010, S. Little filed a second appeal. (*See* Exhibit G to Toniolo Cert.). In this appeal, S. Little explained that "[b]ecause of . . . questionable choices my wife and I have had to make certain adjustments . . . to help benefit our financial future . . . [and] in the near future Diane and I hope to be able to have a joint bank account or file our tax return

---

[5] The Court notes that Diane Pope is D. Little's maiden name.

jointly." (*Ibid.*). On November 19, 2010, S. Little's second appeal was denied for failing to provide the "appropriate documents." (*See* Exhibit H to Toniolo Cert.).

Plaintiffs then filed suit in New Jersey State Court on April 14, 2011, which Defendants removed to this Court on May 23, 2011. (*See* Notice of Removal, Docket Entry No. 1). Plaintiffs filed an Amended Complaint on August 1, 2011 (Docket Entry No. 14), and one day later, *i.e.*, August 2, 2010, filed the instant application seeking injunctive relief. (Docket Entry No. 16). The pending motion is now ripe for this Court's consideration.

### III.  Discussion

#### A.  Legal Standard

It is well established that injunctive relief is an "extraordinary remedy" that should be granted only in "limited circumstances." *AT&T v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994). This principle is particularly apt in motions for preliminary injunctions, when the motion comes before the facts have been developed through the normal course of discovery. *Ibid.* In determining whether to grant a preliminary injunction, "a district court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting preliminary relief will be in the public interest." *Iles v. De Jongh*, 638 F.3d 169, 172 (3d Cir. 2011) (internal citation and quotation omitted). "A district court may permissibly grant the extraordinary remedy of a preliminary injunction *only if* the plaintiff . . . establish[es] *every element* in its favor." *P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore*, 428 F.3d 504, 508 (3d Cir. 2005) (emphasis added) (internal citation omitted).

### B. Analysis

With the foregoing principles in mind, the Court will first determine whether Plaintiffs have shown a reasonable probability of success on the merits. Only if Plaintiffs establish a reasonable probability of success will the Court address the remaining three factors of the analysis. *See P.C. Yonkers, Inc.* 428 F.3d 504 at 508.

As a threshold matter, the Court is obligated to apply a deferential standard of review to determinations made by an ERISA Plan Administrator when the Administrator is acting within its explicit authorization. *Kalksma v. Konica Minolta Business Solutions U.S.A., Inc.*, No. 10-2829, 2011 U.S. Dist. LEXIS 94056, at *11 (D.N.J. Aug. 22, 2011). Thus, "[this] Court reviews a challenge by a participant to a termination of benefits under ERISA § 502(a)(1)(B) under an 'arbitrary and capricious' standard where . . . the Plan has granted to the fiduciary the discretionary authority to determine eligibility for benefits."[6] *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 844 (3d Cir. 2011); *see Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 115-16 (2008); *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Viera v. Life Ins. Co. of N.A.*, 642 F.3d 407, 413 (3d Cir. 2011); *Kalksma*, 2011 U.S. Dist. LEXIS 94056, at *12. An Administrator's decision is only arbitrary and capricious "if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Miller*, 632 F.3d at 845 (internal citation and quotation omitted).

Here, the Plan provides that the "Employer is responsible for administering Plan enrollment and determining [P]lan eligibility." (Administrative Services Only Agreement by and Between U.S. Foodservice, Inc. "Employer" and Connecticut General Life Insurance Company "Connecticut General," attached as Exhibit A to Certification of Gregg S. Kahn, Esq. in

---

[6] Section 502(a)(1)(B) of ERISA permits a participant to file suit to recover benefits due under the terms of the Plan. 29 U.S.C. § 1132(a)(1)(B).

Opposition to Plaintiffs' Motion for a Preliminary Injunction).[7]  In other words, U.S. Foodservice (the Employer) has the authority to administer Plan enrollment and make determinations relating to Plan eligibility.  As such, this Court will review U.S. Foodservice's decision terminating D. Little's benefits with deference.  *Viera*, 642 F.3d at 413.

A deferential standard, however, is not an insurmountable hurdle.  Indeed, to establish a reasonable probability of success, Plaintiffs need only show that U.S. Foodservice's termination of D. Little's benefits was "without reason, unsupported by substantial evidence or erroneous as a matter of law."  In attempting to overcome this hurdle, Plaintiffs argue the following: the request of tax returns to establish proof of marriage is not required by state or federal law (Amen. Compl. ¶ 6-7); because D. Little is married to S. Little, she is entitled to coverage as a beneficiary (Pl. Moving Br. at 2); and that Defendants "have not produced any document which would indicate that Plaintiffs knew . . . proof of tax returns was necessary." (Pl. Reply Br. at 2).[8]

In response, Defendants contend that Plaintiffs have not shown that U.S. Foodservice's decision to deny D. Little's health benefits was "arbitrary and capricious."  Defendants first argue that U.S. Foodservice is not claiming that employees' spouses are not entitled to health insurance, but rather that if an employee "desires for his spouse to be covered under the Plan, then the employee must provide certain documents not only establishing that the couple was married at some point . . . but also that the couple is still married at the present time." (Def. Opp. Br. at 16).  Defendants also argue that Plaintiffs were aware of the required documents and had

---

[7] This document is the agreement between U.S. Foodservice and CGLIC which outlines their respective obligations under the Plan.

[8] Notably, Plaintiffs do not argue that the termination letter provided to S. Little was deficient under Section 503(1) of ERISA.  *See, e.g.*, *Am. Airlines, Inc.*, 632 F.3d at 852 (holding that a termination letter which fails to provide the specific reasons why the individual is no longer eligible for benefits and fails to advise on how to perfect the claim fails to satisfy the basic mandates of ERISA, and weighs in favor of finding that the administrator's decision was arbitrary and capricious); *Connor v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 09-1140, 2011 U.S. Dist. LEXIS 67988, at *39 (D.N.J. June 24, 2011) ("[Defendant's] failure to provide the precise information necessary on how Plaintiff could achieve a favorable result, weighs in favor of finding that its decision to terminate . . . benefits was arbitrary and capricious.").

multiple opportunities to submit them. (*Id.* at 17). Notwithstanding these opportunities, Plaintiffs failed to provide the proper documents. (*Ibid.*).

The Court finds that the arguments raised in Plaintiffs' submissions do not, at this preliminary stage, demonstrate that U.S. Foodservice's decision terminating D. Little's health benefits was "arbitrary and capricious."[9] Specifically, Plaintiffs' arguments do not explain why U.S. Foodservice's decision was without reason. Before providing benefits to D. Little—S. Little's purported beneficiary—U.S. Foodservice required S. Little to submit specific tax return documents. Although S. Little responded with several documents, as outlined above, those documents were not the specific documents that U.S. Foodservice requested. Moreover, the documents S. Little provided did not establish that he and D. Little were currently married. Thus, while Plaintiffs quibble with U.S. Foodservice's ultimate decision, Plaintiffs' current arguments do not explain why U.S. Foodservice's decision was without reason.

Plaintiffs also have not shown that U.S. Foodservice's decision was unsupported by substantial evidence or erroneous as a matter of law. In fact, the evidence produced thus far appears to indicate that U.S. Foodservice's decision was supported by evidence and was not erroneous.[10] Namely, the Audit Notice informed S. Little that for D. Little to continue to receive health benefits, he must provide U.S. Foodservice with specific tax return documentation. (*See* Exhibit A to Toniolo Cert. at 3). To that end, S. Little could submit any one of the following three documents: (1) "current of previous year's federal tax return if filing jointly; or (2) both spouses' federal tax returns if filing separately; or (3) copy of federal tax confirmation notice(s) if filed online showing name(s) and filing married." (*See ibid.*). Unfortunately, S. Little did not

---

[9] At the outset, the Court notes that Plaintiffs failed to provide the Court with any legal authority to support their argument relating to likelihood of success on the merits.

[10] The Court notes that the parties to this litigation have not had a scheduling conference. Therefore, Plaintiffs' motion, and the arguments contained therein, have not had the benefit of the development of facts through the normal course of discovery.

provide U.S. Foodservice with a document that complied with either of these options. Instead, S. Little provided U.S. Foodservice with a gas bill that was in Diane Pope's name only. To date, Plaintiffs have neither provided the requisite tax return information, nor have Plaintiffs provided alternative documentation establishing that they are presently married. Thus, Plaintiffs have not shown that U.S. Foodservice's determination was unsupported by substantial evidence or erroneous as a matter of law.

Therefore, although the Court is cognizant of and is sympathetic to D. Little's medical condition, Plaintiffs have introduced no evidence or arguments, at this point, to show that U.S. Foodservice's decision was "arbitrary and capricious." In reaching this conclusion, the Court takes no position as to whether Plaintiffs will succeed during the latter stages of this litigation. The Court's Opinion is strictly limited to the arguments presented in Plaintiffs' submissions in an effort to demonstrate a likelihood of success on the merits. Nevertheless, for the reasons outlined above, Plaintiffs' Motion for a Preliminary Injunction is denied.

## IV. Other Pending Motions and Requests

On July 26, 2011, Defendant CGLIC moved to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docket Entry No. 12). Then, on August 1, 2011, Plaintiffs filed an amended complaint. (*See* Docket Entry No. 14). Rule 15(a)(1)(B) states "A party may amend its pleading once as a matter of course within: . . . 21 days after service of a motion under Rule 12(b)[.] Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs filed their amended complaint within the time period provided by Rule 15. Therefore, CGLIC's motion to dismiss is moot because there can only be one operative complaint, which is now Plaintiffs' amended complaint. *See, e.g., Doe v. Sizewise Rentals, LLC*, No. 09-3409, 2010 U.S. Dist. LEXIS 124623, at *2 (D.N.J. Nov. 22, 2010); *Marchese v. Cablevision Sys. Corp.*, No. 10-2190, 2011 U.S. Dist. LEXIS 80117, at * 5

(D.N.J. July 21, 2011). Accordingly, Defendant CGLIC's motion to dismiss Plaintiffs' complaint (Docket Entry No. 12) is denied.

Additionally, the Court will not consider Defendants' request for attorneys' fees and costs. *See* Def. Opp. Br. at 21. Defendants, if they so choose, may file a formal motion with the Court in accordance with L. Civ. R. 7.1.

**V.     Conclusion**

For the foregoing reasons, Plaintiffs' motion for a preliminary injunction (Docket Entry No. 16) is denied. Defendant CGLIC's motion to dismiss Plaintiffs' complaint (Docket Entry No. 12) is denied.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**